# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDRIA DOE, *et al.*, | )<br>) |
| Plaintiffs, | ) Civil Action No. 11-1025<br>) |
| v. | ) Judge Cathy Bissoon<br>) |
| MONONGAHELA VALLEY HOSPITAL, | )<br>) |
| Defendant. | ) |

## ORDER

For the reasons stated below, Defendant's motion to dismiss this case (Doc. 31) will be granted.

Plaintiff Alexandria Doe, a minor, brings the instant cause of action through her parents, Plaintiffs Lisa Doe and Melvin Doe, who are Plaintiffs to this action in their own right. On August 21, 2012, this Court granted Plaintiffs' attorneys' motion to withdraw. See (Doc. 27); see also Text Order of Aug. 21, 2012. The undersigned administratively closed this case pending Plaintiffs' retention of new counsel. During a status conference regarding this issue, Plaintiff Lisa Doe was informed that the law does not permit parents who are not attorneys to proceed pro se on behalf of their children in federal court. See, e.g., Osei-Afriye by Osei-Afriyie v. Med. Col. of Pennsylvania, , 882-83 (3d Cir. 1991). Plaintiff Lisa Doe also explicitly was informed that if she did not obtain new counsel in a timely manner, Plaintiffs risked dismissal of this case. See (Doc. 28 at 1).

On January 30, 2013, Defendant moved to dismiss this case due to Plaintiffs' failure to prosecute. (Doc. 31). This Court ordered Plaintiffs to respond to this motion on or before February 14, 2013. See Text Order of Jan. 31, 2013. Copies of this order were mailed to Plaintiffs Melvin and Lisa Doe at their addresses of record. Id. Shortly thereafter, the copy that

was mailed to Plaintiff Lisa Doe was returned as undeliverable. Chambers staff attempted to contact Plaintiff Lisa Doe via telephone, and left a voicemail message instructing her to contact chambers. See Staff Notes of Feb. 22, 2013. As of the date of this writing, no Plaintiff has responded to the motion to dismiss, or otherwise contacted this Court.

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to prosecute or to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to prosecute or to obey pretrial orders. They are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above is as follows

(1) The extent of the party's personal responsibility.

Plaintiffs are proceeding in this matter *pro se*, have long been aware that their counsel had withdrawn, and are aware that they required new counsel in order to go forward with this

2

case. They alone are responsible for not securing counsel over the last six months. Additionally, it is Plaintiffs' responsibility to ensure that the Court is informed of any changes of address.

(2) Prejudice to the adversary.

It is clear that it is unfair to force Defendant to suffer the threat of litigation based on the inscrutable whims of absent Plaintiffs. As a result, this factor weighs in favor of dismissal.

(3) A history of dilatoriness.

Plaintiffs have not made any effort to move this case forward, have ignored this Court's direction to obtain new counsel, and have failed to inform this Court of their changes of address. This is sufficient evidence, in this Court's view, to indicate that Plaintiffs do not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on the record that Plaintiffs' failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that their failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiffs currently are proceeding pro se, and there is no indication on the record that the imposition of costs or fees would likely be an effective sanction.

(6) Meritoriousness of the case.

It is unclear whether Plaintiffs' claims have merit. However, the law is clear that Plaintiffs may not proceed pro se in this matter.

Because five of the six Poulis factors weigh in favor of dismissal, this Court will dispose of this suit in the following manner: First, all claims brought by Plaintiffs Melvin and Lisa Doe in their own right will be dismissed, with prejudice, pursuant to Rule 41(b). Plaintiff Alexandria Doe's claims will be dismissed, without prejudice, to accrue for the purposes of the relevant

statute of limitations when she reaches 18 years of age – or sooner if she becomes an emancipated minor. See Osei-Afriyie, 937 F.2d at 883.

AND NOW, this 5th day of March, 2013,

IT IS HEREBY ORDERED that Defendant's motion to dismiss for lack of prosecution (Doc. 31) is GRANTED. This case is DISMISSED, WITH PREJUDICE in part, and WITHOUT PREJUDICE in part, as stated above.

IT IS FURTHER ORDERED that the seal shall remain in place on any documents on the docket that currently are under seal.

March 5, 2013                                         s\Cathy Bissoon
                                                                                   Cathy Bissoon
                                                                                   United States District Judge

cc:

All Counsel of Record (via ECF email notification)

Plaintiffs (via the addresses provided under seal at (Doc. 29))